UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HUSSAIN KAREEM,**

    **Plaintiff,**

    **v.**                                        Case No. 2:14-cv-252
                                                           JUDGE SMITH
                                                           Magistrate Judge Kemp

**J.P. MORGAN CHASE BANK, N.A.,**

    **Defendant.**

**OPINION AND ORDER**

Pending before the Court are several motions, including Defendant JP Morgan Chase's Motion to Dismiss (Doc. 49) and Motion for Protective Order (Doc. 52), and Plaintiff Hussain Kareem's Motion to Compel Discovery for Failure to Comply (Doc. 58) and Motion to Strike (Doc. 59). For the following reasons the Court **GRANTS** Defendant's Motion to Dismiss, **DENIES** Plaintiff's Motion to Strike and to Supplement, and **DENIES AS MOOT** Defendant's Motion for Protective Order and Plaintiff's Motion to Compel.

**I.**    **BACKGROUND**

This dispute originates from a 2007 mortgage refinancing transaction between Plaintiff Hussain Kareem ("Mr. Kareem") and Washington Mutual Bank against Mr. Kareem's real property in Stockbridge, Georgia.[1] Mr. Kareem brings suit against Defendant Chase as the entity responsible for servicing this loan.

Mr. Kareem filed his original Complaint in this matter in March 2014. Since that time, the Court has dismissed several of his claims, but also granted Mr. Kareem leave to file an

---

[1] To the extent the factual details of this case are relevant to the pending motion, they will be discussed in the context of each claim in Section III below.

Amended Complaint as to four causes of action: violation of the Fair Credit Reporting Act, violation of the Georgia Fair Business Practice Act, trespass, and declaratory judgment. (*See* Doc. 41, Order). In accordance with the Court's ruling, Mr. Kareem filed an Amended Complaint as to these claims. (*See* Doc. 44, Am. Compl.). Chase responded with the pending Motion to Dismiss. (Doc. 49, Mot. Dismiss). Since then, the parties have also filed various discovery motions and a Motion to Strike. (*See* Docs. 52, 58, 59). The Court will first address Mr. Kareem's Motion to Strike, followed by Chase's Motion to Dismiss.[2]

## II. MOTION TO STRIKE

Mr. Kareem has filed a motion asking the Court to (1) strike Chase's Motion to Dismiss and (2) grant leave to file a supplemental brief in support of his position.

The Court finds neither request well-taken. As the basis for his Motion to Strike, Mr. Kareem argues that the pending Motion to Dismiss should be stricken because Chase has ignored the Court's local rules and failed to timely respond to Mr. Kareem's discovery requests. It is true that Mr. Kareem served his initial discovery requests on Chase nearly a year ago, and has not yet received a response. But, as discussed during an April 1, 2015 phone conference with the Court, discovery timelines have repeatedly been tolled throughout these proceedings for a variety of reasons, i.e., stays, motions, agreed-upon extensions, and amended pleadings. As such, the Court allowed Chase until April 9, 2015 to respond to Mr. Kareem's discovery requests or file a Motion for Protective Order.[3] (*See* Doc. 52, Mot. Prot. Order at 3-4). On April 8, 2015, Chase filed a Motion for Protective Order, asking the Court to stay discovery until it ruled on the pending Motion to Dismiss or, in the alternative, issue a protective order with respect to some of

---

[2] As the disposition of Chase's Motion to Dismiss renders the remaining discovery motions moot, the Court finds it unnecessary to discuss Chase's Motion for Protective Order and Mr. Kareem's Motion to Compel on their merits.
[3] Additionally, in a letter to Chase sent on April 4, 2015, Mr. Kareem stated that he would allow Chase until April 15, 2015 to respond to his discovery requests before filing a Motion to Compel. (*See* Doc. 58, Ex. 400, Letter).

2

Mr. Kareem's discovery requests. This motion remains pending. In light of Chase's pending Motion for Protective Order (filed before the agreed-upon deadline), the Court finds it inappropriate to sanction or otherwise punish Chase for failing to timely respond to said discovery requests. *See* Fed. R. Civ. P. 37(d)(2) (noting that a failure to respond to discovery requests "is not excused on the ground that the discovery sought was objectionable, *unless the party failing to act has a pending motion for a protective order under Rule 26(c)*") (emphasis added). Mr. Kareem's Motion to Strike is therefore **DENIED**.

Mr. Kareem next seeks leave to file a supplemental brief in support of his memorandum in opposition. But Mr. Kareem has not explained why a supplemental brief is necessary, how any additional evidence or information might affect the Court's decision, or why he was unable to include said information in the context of his initial response. Mr. Kareem filed a comprehensive 33 page memorandum in opposition to Chase's motion, which the Court has reviewed and considered.[4] The Court finds no reason to delay these proceedings any longer, as all relevant issues have been extensively briefed and are now ripe for review.   Accordingly, Mr. Kareem's Motion to Supplement is also **DENIED**.

### III.    MOTION TO DISMISS

The Court will now address Chase's Motion to Dismiss.

A.    **STANDARD OF REVIEW**

Chase brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Mr. Kareem's Amended Complaint fails to state a claim upon which relief can be granted. Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such

---

[4] Mr. Kareem has also made several arguments in support of his claims in the context of his Motion for Leave to Amend, which the Court has previously considered as well. (*See* Docs. 15, 18, 32, 34).

relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

**B.      DISCUSSION**

Chase asserts that Mr. Kareem's four remaining causes of action should be dismissed on various grounds, each of which will be discussed below.

**1.     Trespass**

Mr. Kareem first alleges that Chase wrongfully trespassed on his property in violation of Georgia state law.  Mr. Kareem's trespass claim centers on an incident that occurred on August 23, 2011, when Chase allegedly directed its "Realtor Agent" to trespass on the subject property in order to discuss a "Cash for Keys" program with the individuals residing on the premises. (*See* Doc. 44, Am. Compl. at ¶ 36).   Chase urges the Court to dismiss this trespass claim because (1) Mr. Kareem was not the legal owner of the subject property at the time of the alleged trespass, and (2) Chase did not illegally enter or otherwise unlawfully remain on the subject property.

Georgia Code § 51-9-1 provides that "every act of another which unlawfully interferes with [the enjoyment of private property] is a tort for which an action shall lie."  To sustain a claim under this statutory provision, a plaintiff must allege that the defendant either (1) refused to leave his property after being asked to leave or (2) otherwise interfered with plaintiff's possessory interest in the realty.  *See Goia v. CitiFinancial Auto*, 499 F. App'x 930, 937 (11th Cir. 2012); *Udoinyion v. Re/Max of Atlanta*, 657 S.E.2d 644, 648 (Ga. App. 2008).

The Court finds Mr. Kareem failed to allege facts supporting either of these bases and thus has failed to state a plausible claim for trespass.  First, Mr. Kareem does not allege that he asked Chase's agent to leave at any point during the August 23, 2011 incident or that the agent refused to honor such a request.  Nor does Mr. Kareem allege facts indicating that Chase's actions on August 23, 2011 interfered with his possessory interest in the subject property.  The Amended Complaint alleges only that Chase's agent had a conversation with "the dwellers at the property"; as such, it does not even appear Mr. Kareem was in possession of the property at the time of Chase's alleged trespass.  (Doc. 44, Am. Compl. at ¶ 36).  Therefore, even when taking

all factual allegations in the Amended Complaint as true, the Court cannot find that Chase's actions on August 23, 2011, i.e., visiting the subject property to talk with tenants about a "Cash for Keys" program, unlawfully interfered with Mr. Kareem's enjoyment of his property.

Because Mr. Kareem has failed to state a plausible claim under Georgia Code § 51-9-1, the Court **GRANTS** Chase's Motion to Dismiss as it pertains to Mr. Kareem's trespass cause of action.

    2.    **Violation of Georgia's Fair Business Practice Act ("GFBPA")**

In Count Two of his Amended Complaint, Mr. Kareem alleges that Chase violated the GFBPA by making "false statements" and "misrepresentations of [its] status and involvement in the controverted foreclosure action." (*See* Doc. 44, Am. Compl. at ¶ 56). Chase argues this claim should be dismissed because Mr. Kareem has failed to plead the existence of a "consumer transaction" or any "duty to the public" as required by the Act.

The Court agrees that Mr. Kareem's GFBPA claim must be dismissed. As emphasized by Chase, "[t]he FBPA was created by the Georgia Legislature to protect the public interest, and therefore only transactions affecting the general public are regulated under the FBPA." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011). But not all consumer transactions that affect the public fall under the ambit of the Act: "only the *unregulated* consumer marketplace falls within the scope of the FBPA, not regulated areas of activity." *Id*. (emphasis added). Otherwise stated, "where the action or transaction at issue is authorized or regulated by a state or federal regulatory agency, the FBPA does not apply." *Stewart v. Suntrust Mortgage, Inc.*, 770 S.E.2d 892, 897-98 (Ga. Ct. App. 2015); *see also* Ga. Code § 10–1–396(1) (exempting from the Act any "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory

agency of this state or the United States"). Accordingly, Georgia courts have held that the GFBPA does not apply to claims based on wrongful foreclosure—an area of the law that is heavily regulated by other state and federal agencies and statutes. *See*, *e.g.*, *Stewart*, 770 S.E.2d at 898; *Jenkins*, 822 F. Supp. 2d at 1375. As one federal district court explained:

> Since the area of mortgage transactions is heavily regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act, courts have found it appropriate to dismiss FBPA claims that allege injury based on mortgage transactions. In this case, Plaintiff's claims all arise from a private mortgage transaction. Mortgages are heavily regulated under both state and federal law, and also do not affect the public consumer marketplace. The FBPA was only intended to provide relief to individuals who suffer harm within the context of the unregulated consumer marketplace, and therefore, Plaintiff's claims are exempt from the FBPA.

*Jenkins*, 822 F. Supp. 2d at 1375 (internal citations omitted); *see also Jackman v. Hasty*, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011) ("Because the servicing of mortgages and foreclosure sales are regulated by other state and federal rules and statutes, claims relating to either are exempt from the UDTPA and FBPA.").

The Court finds the analyses and conclusions of these courts persuasive. Mr. Kareem's GFBPA claim centers on Chase's allegedly wrongful foreclosure on his property. But as explained in the cases cited above, this area of the law is already highly regulated by other state and federal statutes. Because this kind of regulated activity is exempt from the GFBPA's protections, the Court finds Mr. Kareem cannot maintain his claim under the Georgia Fair Business Practice Act. Count Two of his Amended Complaint is therefore **DISMISSED**.

       3.     **Violation of the Fair Credit Reporting Act ("FCRA")**

In Count Three of his Amended Complaint, Mr. Kareem alleges that "Chase began a campaign of falsely report[ing]" his credit information and failed to correct "the derogatory credit bureau reports" in violation of the FCRA. (Doc. 44, Am. Compl. at ¶¶ 61-62). As a

7

result, Mr. Kareem states that he "has suffered direct losses in job opportunities and credit damage." (*Id*. at ¶ 63).  In support of dismissal, Chase argues that Mr. Kareem cannot sustain his claim under 15 U.S.C. § 1681s-2 for two reasons: (1) no private right of action exists under subsection (a); and (2) Mr. Kareem has not alleged Chase received notice of dispute from a credit reporting agency as required to sustain a claim under subsection (b).

      The Court finds both of Chase's arguments well-taken.  15 U.S.C. § 1681s-2(a) prohibits furnishers of credit information from engaging in certain activities such as reporting information with knowledge of its inaccuracy.  *See* 15 U.S.C. § 1681s-2(a)(1).  It also imposes a duty on these entities to correct and update information that it discovers to be inaccurate or disputed.  *See* 15 U.S.C. § 1681s-2(a)(2).  It does not, however, provide individuals with a private cause of action for violations of these particular provisions.  *See* 15 U.S.C. § 1681s-2(c) (liability provisions of the FCRA do not apply to subsection (a) or any regulations issued thereunder); *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 912 (S.D. Ohio 2013) (Smith, J.) ("[T]his portion of the FCRA does not create a private cause of action, as the FCRA expressly prohibits any private cause of action based on a violation of § 1681s–2(a).").  Accordingly, to the extent Mr. Kareem's Amended Complaint alleges a cause of action under § 1681s-2(a), it is **DISMISSED**.

      The Court next turns to subsection (b).  Unlike section (a) discussed above, § 1681s-2(b) does provide a means by which individuals can recover damages under the FCRA.  *See Bach v. First Union Nat. Bank*, 149 F. App'x 354, 358-59 (6th Cir. 2005) ("While a consumer cannot bring a private cause of action for a violation of a furnisher's duty to report truthful information, a consumer may recover damages for a willful violation of 15 U.S.C. § 1681s–2(b)(1)(A)–(D).").  To bring a claim against a furnisher of credit information under this section, a plaintiff must

8

allege that (1) a credit reporting agency notified the furnisher that the credit information was disputed and (2) the furnisher then acted with "reckless disregard" in performing its duties imposed by the statute, e.g., conducting an investigation and reviewing pertinent information. *See Ogle*, 924 F. Supp. 2d at 912.  While Mr. Kareem makes several inflammatory allegations in his Amended Complaint, nowhere does he allege that Chase received notice from a credit reporting agency about disputed information or that it failed to diligently follow-up or otherwise investigate the issue.  As such, Mr. Kareem has failed to plead not one, but two elements essential to sustaining a claim under § 1681s-2(b).  The Court therefore finds that Mr. Kareem has failed to set forth a plausible basis for liability under § 1681s-2(b) of the FCRA.

For these reasons, the Court finds that Mr. Kareem has failed to state a claim, under either 15 U.S.C. § 1681s-2(a) or (b), upon which relief may be granted.  Chase's Motion to Dismiss, as it pertains to Mr. Kareem's FCRA claim, is therefore **GRANTED**.

### 4. Declaratory Judgment

Mr. Kareem last requests the Court to issue declaratory relief, pursuant to 28 U.S.C. § 2201 as to the following issues:

- "Is Chase liable for its responses that it tendered that were lies and falsities to a consumer?"

- "Is Chase liable for its false representations made while using the U.S. mail to claim that it hired the third-party law firm to foreclose on the underlying home prior to any contractual agreement to purchase WaMu's assets from FDIC?"

- "Is Chase prohibited from attempting any other dispossessory action against the underlying property and under what circumstances?"

- "Is Chase liable [to] the purchaser under the PAA of Mr. Kareem's Loan?"

- "Has Mr. Kareem injured Chase in any capacity [for ejectment purposes]?"

(*See* Doc. 44, Am. Compl. at ¶ 69).

9

The Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  In determining whether to exercise its discretion in issuing such relief, the Sixth Circuit has generally relied on five factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *Stuckey v. Online Res. Corp.*, No. 2:08-CV-1188, 2009 WL 5030794, at *19 (S.D. Ohio Dec. 11, 2009) (Holschuh, J.) (referencing same factors); *see also Robin Products Co. v. Tomecek*, 465 F.2d 1193, 1196 (6th Cir. 1972) ("The Declaratory Judgment Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so, and conferred a discretion on the courts rather than an absolute right upon the litigant.") (internal quotations and citations omitted).  Moreover, and especially pertinent to the case at-hand, the Sixth Circuit has provided additional sub-factors in relation to the fourth consideration cited above, i.e., increased "friction" between state and federal courts.  Specifically, federal courts should consider "whether the state trial court is in a better position to evaluate those factual issues than is the federal court" as well as "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy. . . ." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

After considering these factors in the context of Mr. Kareem's specific requests for declaratory judgment, the Court finds it would be inappropriate to exercise its discretion to impose declaratory relief in this case.  First of all, most of the allegations in Mr. Kareem's Amended Complaint and his corresponding remedy requests concern the propriety of the

10

underlying foreclosure action, which was pursued and consummated under state law. As such, it is not this Court, but the state court that issued the original foreclosure decree against Mr. Kareem, who is in the best position to evaluate a majority of these issues. Moreover, these questions could have been raised, and should have been raised, in the context of the state court action and/or the direct appeal of the judgment issued therein. Instead, Mr. Kareem is attempting to use the Declaratory Judgment Act as a means to collaterally attack the underlying state court foreclosure proceedings. But the Court has no desire to "improperly encroach upon state jurisdiction" and thus declines to engage in this kind of "procedural fencing." *Grand Trunk*, 746 F.2d at 326.

In light of the state foreclosure litigation that lies at the heart of this matter, the Court finds that issuing declaratory relief in this federal lawsuit would do little to settle the underlying controversy or clarify legal relations between the parties. To the contrary, issuing the relief sought by Mr. Kareem would only "increase friction between our federal and state courts." *Id*. Accordingly, Chase's Motion to Dismiss, as it pertains to Mr. Kareem's declaratory judgment action, is **GRANTED**.

## IV.  CONCLUSION

For the reasons set forth in Section II, Mr. Kareem's Motion to Strike is **DENIED**. Further, as discussed in Section III, Chase's Motion to Dismiss Mr. Kareem's Amended Complaint is **GRANTED as to ALL CLAIMS**. The Court finds this ruling renders Defendant's Motion for Protective Order (Doc. 52) and Plaintiff's Motion to Compel (Doc. 58) moot. Accordingly, they are both **DENIED AS MOOT**.

The Clerk shall **REMOVE** Documents 49, 52, 58, and 59 from the Court's pending motions list.

The Clerk shall also **REMOVE** this case from the Court's pending cases list.

       **IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**